OPINION
On March 12, 1997, appellant, John A. Rollins, filed a small claims complaint against appellee, Peter Wayne, for property damage caused by appellee.
A bench trial was held on July 22, 1997. By journal entry filed July 23, 1997, the trial court found in favor of appellee.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT DID ERROR IN DENYING APPELLANT A TRIAL BY JURY.
II
 THE TRIAL COURT DID SUPPRESS AND OR EXCLUDE EVIDENCE IN THE CASE WITHOUT DUE CAUSE EXPRESSED OR IMPLIED.
III
 THE TRIAL COURT ALLOWED OR COMMITTED SUBTERFUGE TO VIOLATE THE APPELLANTS SUBSTANTIVE RIGHTS TO A FAIR TRIAL.
IV
 THE TRIAL COURT IS GUILTY OF GREATLY MIS USE OF ITS JUDICIAL POWER.
V
THE TRIAL COURT DID ACT WITH UNFAIR PREJUDICE.
 I
Appellant claims the trial court erred in denying him a jury trial. We disagree.
R.C. 1925.04 precludes a trial by jury upon commencement of an action in the small claims division:
 (A) An action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section. The commencement constitutes a waiver of any right of the plaintiff to trial by jury upon such action.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in excluding evidence at trial specifically, appellant claims the trial court erred in excluding Plaintiff's Exhibits A and B and in refusing to take judicial notice of a prior criminal proceeding involving appellee.[1] We disagree.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
At the beginning of the trial, the trial court told appellant it would not take judicial notice of the prior criminal proceeding and appellant would have to prove his case. T. at 18. Evid.R. 201 governs judicial notice and states as follows:
 (A) Scope of Rule. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
 (B) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
 (C) When Discretionary. A court may take judicial notice, whether requested or not.
 (D) When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
Appellant requested the trial court to take judicial notice of the prior criminal proceeding involving appellee but did not supply the necessary information. In order to take judicial notice of a prior criminal proceeding, a trial court must be supplied with a certified copy of the judgment entry of conviction or jury verdict. In the case sub judice, appellant attempted to supply the trial court with the criminal complaint. T. at 19. Given appellant's failure to supply the trial court with the necessary information, we find no abuse of discretion by the trial court in denying appellant's request.
The excluded exhibits was a booklet of documents including the criminal damage report from the Sheriff's Office, estimates for repairs and the criminal charges against appellee. None of these documents were testified to by the drafters of the documents nor by appellant from his own personal knowledge. The trial court attempted to assist appellant in testifying on the diminished value of the items before and after the criminal acts but appellant gave a confused and unresponsive answer on the issue. T. at 21, 25. Given appellant's failure to authenticate documents, we find no abuse of discretion by the trial court in excluding the exhibits.
Assignment of Error II is denied.
 III, IV, V
Appellant claims the trial court used subterfuge in continuing the case, abused its judicial power and failed to provide a full record of the proceedings. We disagree.
The management of the court docket and schedule and the granting of continuances is within the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65; Blakemore.
The trial was held on July 22, 1997 after one continuance as evidenced by the record. We fail to find any prejudice to appellant because of the continuance.
As for the abuse of judicial power claim, we found in Assignment of Error II no abuse of discretion by the trial court in denying appellant's request for judicial notice and in excluding the exhibits.
As for the claim the trial court failed to provide a full record of the proceedings, we note appellant has made no attempt to "fill in the gaps" with an App.R. 9(C) statement. Therefore, we must presume regularity in the proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197.
Assignments of Error III, IV and V are denied.
The judgment of the County Court of Muskingum County, Ohio, Small Claims Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Muskingum County, Ohio, Small Claims Division is affirmed.
[1] Exhibit A was a booklet of documents including the criminal damage report, estimates for repairs and court papers. Exhibit B listed damages to a pole barn.